[Louisville & Nashville Railroad Co. v. Turner.]

# Louisville & Nashville Railroad Co. *v.* Turner.

### *Crossing Accident.*

#### (Decided April 22, 1915. 68 South. 277.)

1. *Railroads; Crossing Accident; Contributory Negligence.*—When one is about to cross a railroad track he must stop so near to the track, and must look and listen so immediately before his efforts to cross as to preclude the injection of an element of danger from approaching trains between the time he stopped, looked and listened, and his attempt to cross.

2. *Same.*—Where the plaintiff was a woman sixty-three years of age, sound of mind and body, and stopped, looked and listened for approaching trains on reaching the first side track, but did not stop again before going upon the main track, though she looked up and down the track, and the track was so obstructed that she could not have seen a train until she got nearly on the track, but if she had stopped and looked in the direction of the train just before going on, the main track, might have seen it, she was guilty of contributory negligence, proximately causing her injury, and could not recover.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Action by Edna Turner against the Louisville & Nashville Railroad Company, for damages for personal injuries received at a crossing. Judgment for plaintiff and defendant appeals. Reversed and remanded.

Transferred from the Court of Appeals under the act creating said court.

TILLMAN, BRADLEY & MORROW, and E. L. ALL, for appellant.

GOODWYN & ROSS, for appellee.

SOMERVILLE, J.—The plaintiff, a woman 63 years of age, and sound of mind and body, so far as appears, was struck by the defendant's regular train while she was attempting to cross its main track at Third avenue in Bessemer, in the early forenoon.

There was evidence tending to show that the engineman did not ring the bell nor blow the whistle as the train approached and passed the crossing, as charged in the fourth count of the complaint. The decisive question on this appeal is whether or not plaintiff was guilty of contributory negligence, as a matter of law, in going upon the track as the evidence shows she did.

Considering all the evidence in connection with plaintiff's own statements, some of which are pointedly self-contradictory, and resolving every conflict of fact and inference in her favor, the clear facts are as follows: As plaintiff proceeded towards the main track, she passed over two or three side tracks, and on the first side track she stopped and looked and listened for approaching trains. She then "broke right on" (to quote her own language) and continued looking up and down the track alternately until she got to the main track. Just before stepping on it, she heard a shouting at the depot not far away, and looked in that direction, and then turned and looked in the other direction, and for the first time she saw the train then right upon her. After leaving the first track she did not stop again before going upon the main track. There were some box cars on the side tracks on each side of the main track which prevented plaintiff from seeing this approaching train, even if she looked for it, until she got "nearly to the track" (to quote plaintiff's words again). But, if she had stopped and looked in the direction of the train just before getting on the main track, she could and would have seen the train.

(1) The principles of law which control cases of this kind are thoroughly well settled by our decisions. One who is about to cross a railroad track "must stop so near to the track, and his survey by sight and sound must so immediately precede his effort to cross over

it, as to preclude the injection of an element of dan-
ger from approaching trains into the situation between
the time he stopped, looked, and listened and his at-
tempt to proceed across the track. If he stops so far
from the railroad as that a train which could not be
seen from that point could and does reach the crossing
by the time he has traversed the intervening space and
gotten on the track, he negligently contributes to the
resulting injury."—*C. of G. Ry. Co. v. Foshee,* 125 Ala.
212, 27 South. 1006. This language is quoted with ap-
proval in *L. & N. R. R. Co. v. Calvert,* 172 Ala. 597,
55 South. 812, where it is further said that the law im-
poses "a continuing duty to see that the way is clear
before attempting to cross."

. Where obstructions interfere with his view of the
track, it is all the more his duty to stop, look, and lis-
ten at a point where he can best see and hear, and,
seeing or hearing, avoid, an onrushing train.—*L. &
N. R. R. Co. v. Williams,* 172 Ala. 560, 55 South. 218,
collecting many authorities. In that case there was a
very full consideration of the exact question presented
by the facts of this case, and all that was said there is
equally applicable here, especially the following: "We
judicially know that plaintiff could and would have seen
the cars in time to avoid the injury, if he had stopped
and looked, or had done either, after getting on a line
with the pile of lumber which obstructed his view there-
tofore. Had it been a brick wall a hundred feet long
and a hundred feet high, instead of the pile of lumber,
he could and would have seen the train, on reaching
the point in line with the wall, if he had stopped and
looked. He could not get upon the track or be strick-
en by the cars until he had passed the point at which
he could and must have seen the cars, if he had looked."

So in *C. of Ga. Ry. Co. v. Barnett,* 151 Ala. 407, 411, 44 South. 392, 394, it was said: "Applying these principles [quoted from *C. of G. Ry. Co. v. Foshee, supra*], we think it clear that the stopping of the driver at the house 125 steps from the crossing did not relieve him from stopping at some point nearer the crossing. It might be that he did not see or hear the train when he stopped, yet he could have seen, or at least heard, it, if he had stopped at or very near the crossing. * * * And there can be no doubt but what the driver's failure to stop at some point near the track, and just before driving thereon, contributed proximately to the injury."

(2) In short, common sense must declare as indisputable truth that no person having the senses of sight and hearing, with even the most rudimentary intelligence, can ever be so ignorant of the approach of a single train at a railroad crossing in broad daylight as to collide with it, without being guilty of a flagrant want of common care and prudence. His full performance of the reasonable duty enjoined upon him by law must inevitably discover any dangerous imminence of a passing train in ample time to conserve his safety.

On all the evidence in this case, and especially on plaintiff's own testimony, we hold that she was guilty of contributory negligence in not stopping and looking in both directions immediately before she went upon the track whereon she was stricken; and that her failure to do so was the proximate cause of her injury.

On the issue of contributory negligence, as an answer to the simple initial negligence charged in counts 1 and 4, defendant was entitled to the general affirmative charge; and, since there was no evidence tending to show wanton or subsequent negligence, the general charge should have been given for defendant on the whole case.

Other assignments of error are not material to this conclusion, and need not be discussed.

Let the judgment be reversed, and the cause remanded for another trial, in accordance with the principles above stated.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.