# Bailey *v.* Southern Railway Co.

### Crossing Accident.

(Decided May 18, 1916.  72 South. 67.)

1. **Railroads; Crossing Accident; Wantonness.**—The fact that a train approached the town crossing, over which several hundred people and vehicles passed daily, at a rate of speed not exceeding 3 or 4 miles per hour, and without any signals or actual knowledge of the approach of plaintiff's automobile, did not render the engineer guilty of wantonly or intentionally striking said automobile.

2. **Same; Contributory Negligence.**—Although defendant may have been guilty of simple negligence in failing to ring a bell, or blow a whistle as its train approached a town crossing, and in leaving box cars on its sidetrack so as to unreasonably obstruct the view of travelers as to approaching trains, yet the failure of plaintiff's chauffeur to stop his car and look and listen before attempting to cross the main track, and in crossing it at a speed of not less than 2 miles an hour, was, as a matter of law, contributory negligence, barring a recovery for damages to the car.

APPEAL from Marengo Law and Equity Court.

Heard before Hon. B. F. GILDER.

Action by Ernest M. Bailey against the Southern Railway Company for damages to an automobile. Judgment for defendant, and plaintiff appeals. Affirmed.

Plaintiff's automobile was being driven along the main street of the town of Faunsdale 7 p. m. November 29th, and crossed defendant's track near its depot at a speed of not less than two miles an hour, without stopping in front of the track. Defendant's train on the main line, running three or four miles an hour, collided with the automobile. About 10 box cars stood on defendant's side track between the automobile and the main track, and obstructed the chauffeur's view until after he passed over the siding, which was eight feet from the main track. Plaintiff and the chauffeur both testified that they did not hear

either bell or whistle from the engine, and did not see or know of the approach of the train until it struck them. The trainmen did not see the automobile until the engine got on the crossing. Several hundred people or vehicles pass over the crossing daily. The complaint charges both simple and wanton negligence, and the defendant pleaded the general issue and contributory negligence.

GEORGE PEGRAM, for appellant. PETTUS, FULLER & LAPSLEY, E. E. TAYLOR, and McDANIEL & WHITFIELD, for appellee.

SOMERVILLE, J.—(1) The mere fact that a train approached a town crossing, over which several hundred people and vehicles pass daily, without warning signal of bell or whistle, does not constitute wanton or willful wrong, unless it does so at a high and dangerous rate of speed.—*Ga. Pac. Ry. Co. v. Lee*, 92 Ala. 262, 9 South. 230; *L. & N. R. R. Co. v. Webb*, 97 Ala. 308, 12 South. 374; *M. & C. R. R. Co. v. Martin*, 117 Ala. 383, 23 South. 231; *Weatherly v. N. C. & St. L. Ry. Co.*, 166 Ala. 589, 51 South. 959.

In the present case it must be said, as a conclusion of law, that, in approaching this crossing at a speed of three or four miles an hour, without actual knowledge of the approach of the automobile, the engineer was not guilty of wantonly or intentionally striking the plaintiff's car. This issue was therefore properly eliminated from the consideration of the jury.

(2) Conceding that defendant's servants were guilty of simple negligence in omitting to ring the bell or blow the whistle, and also in leaving box cars on its side track so as to unreasonably obstruct the view of approaching trains by those who might cross its tracks, nevertheless it is clear beyond dispute that the failure of plaintiff's chauffeur to stop his car and look and listen before attempting to cross the main track was the proximate cause of the collision, and hence that as matter of law he was guilty of such contributory negligence as to bar a recovery.— *L. & N. R. R. Co. v. Turner*, 192 Ala. 392, 68 South. 277; *South. Ry. Co. v. Irwin*, 191 Aal. 622, 68 South. 139; *L. & N. R. R. Co. v. Williams*, 172 Ala. 560, 55 South. 218.

In the *Turner Case* we said: "In short, common sense must disclose as indisputable truth that no person having the senses of sight and hearing, with even the most rudimentary intelli-

gence, can ever be so ignorant of the approach of a single train at a railroad crossing in broad daylight as to collide with it, without being guilty of a flagrant want of common care and prudence."

This is equally true of the approach of a single train at night when it carries a bright headlight on its engine, as in the present case.

Had the chauffeur stopped, he must have heard the rumble of a train then almost upon him. Had he looked up and down the track, as he should have done before driving his car ahead, he must have seen the headlight.

In the case of *C. of Ga. Ry. Co. v. Hyatt*, 151 Ala. 355, 43 South. 867, the collision was with a detached engine, running at night without a headlight in advance of an engine and train, the noise of which drowned the noise of the single engine. Whether the plaintiff's failure to stop, look, and listen was the proximate cause of his injury, was in that case properly held to be a question of fact for the jury.

There are no such circumstances here, and, indeed, the box car obstruction only emphasized the necessity of observing the duty of stopping, looking, and listening at a point where it would have been effective.

Since the general affirmative charge might have been given for the defendant, we need not consider the several errors assigned on testimony and refused charges. We remark, however, that an examination of them does not disclose any reversible error.

The judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.