(85 South. 511)

**HINES, Director General of Railroads, v. CHAMPION. (4 Div. 844.)**

(Supreme Court of Alabama. April 22, 1920.)

1. **Negligence ⚖119(7)—Recovery may be had for subsequent negligence under count for simple negligence.**

Recovery may be had for subsequent negligence under a count for simple negligence.

2. **Railroads ⚖335(5)—Failure to stop, look, and listen must have been proximate cause of injuries, to bar recovery.**

The failure of one whose car was damaged at a crossing to stop, look, and listen before entering upon the track, to preclude him from recovery upon simple or initial negligence, must have contributed proximately to the injuries.

3. **Railroads ⚖335(5)—Effect of contributory negligence stated.**

Subsequent negligence as to one whose car was damaged at a crossing recognizes prior contributory negligence on his part, and such prior contributory negligence, therefore, is neither the cause of the injury nor contributory thereto, but merely the cause or condition on which the subsequent negligence rests.

4. **Trial ⚖253(4)—Instruction relating to simple negligence, ignoring the element of subsequent negligence, held misleading.**

In an action for injuries to automobile at a crossing, an instruction that plaintiff could not recover under counts based on simple negligence if he did not stop, look, and listen before attempting to cross, and if "by reason of such failure" he was injured, which instruction ignored any theory of recovery for subsequent negligence, *held* objectionable as calculated to mislead jury to believe that contributory negligence affected the question of liability based on subsequent negligence.

Appeal from Circuit Court, Covington County; A. B. Foster, Judge.

Action by T. D. Champion against Walker D. Hines, as Director General of Railroads (Louisville & Nashville Railroad Company), for damages for injury to automobile. Judgment for defendant, which on the motion of the plaintiff was set aside, and defendant appeals. Affirmed.

Suit by appellee to recover damages for injuries to his automobile, sustained at a public crossing in the town of Opp. Counts 1 and 2 were for simple negligence, while the third was a wanton count. The cause was submitted to the jury upon these counts and general issue thereon, and contributory negligence. There was verdict for the defendant. Plaintiff moved for a new trial, which was granted upon the ground that charge five, given in writing at the request of the defendant, if not positively erroneous, was misleading to such an extent as probably injuriously affected the plaintiff's cause, all of which appears from the opinion of the court, which was filed in response to the motion and is a part of the judgment thereon. To this action of the court the defendant reserved an exception, and prosecutes this appeal from the order granting the new trial.

The charge referred to is as follows:

"(5) If from the evidence you are reasonably satisfied that at the time of and before attempting to cross defendant's railroad, the plaintiff did not stop, look, and listen for defendant's train and that by reason of such failure plaintiff's car was injured, then plaintiff is not entitled to recover under counts 1 and 2 of the complaint."

Plaintiff's testimony tended to show that as he reached the crossing he slowed his car down to about 4 miles an hour, and that upon hearing no train he gave the car more speed, but just as it got upon the main track of the Louisville & Nashville Railroad the engine choked down and he was unable to again start. The train, consisting of the engine and three coaches, was then approaching—it having just left the depot, about 300 yards distant; that he jumped from his car and waived his handkerchief, but the approaching train struck the car and practical-

ly demolished it. There was also evidence tending to show that the engineer was looking ahead, and that the track was straight, with nothing to obstruct the view, and that in fact the engineer saw the car upon the track. There was further proof from which the jury could infer that the emergency brakes were not promptly applied, and also testimony from which the jury could infer the accident could have been avoided, if prompt and efficient effort had been made.

The evidence for the defendant tended to show that, while the engineer saw the automobile in this perilous condition some 80 feet distant, yet he did all possible to avoid the injury.

George W. Jones, of Montgomery, and Henry Opp and Powell, Albritton & Albritton, all of Andalusia, for appellant.

Charge 5 was properly given. 203 Ala. 3, 81 South. 671; 202 Ala. 222, 80 South. 44; 201 Ala. 308, 78 South. 84; 196 Ala. 133, 72 South. 67; 192 Ala. 392, 68 South. 277; 179 Ala. 299, 60 South. 922; 172 Ala. 560, 55 South. 218. Under these authorities, defendant was entitled to the general affirmative charge on the simple negligence count. Under the facts, the jury could not have found for subsequent negligence. 135 Ala. 533, 33 South. 332; 152 Ala. 133, 44 South. 602.

J. Morgan Prestwood, of Andalusia, for appellee.

Recovery for subsequent negligence can be had under counts charging simple negligence. 172 Ala. 600, 55 South. 812; 158 Ala. 391, 48 South. 99; 125 Ala. 199, 27 South. 1006. The court properly granted a new trial. Authorities supra. Its finding will not be disturbed. 141 Ala. 342, 37 South. 490.

GARDNER, J. In discussing charge 5 (the giving of which, at the request of the defendant, formed the basis of the order for a new trial), counsel for appellant insist that the evidence offered by the plaintiff, if believed, made out a case of wantonness, and invokes the doctrine announced in Louisville & Nashville R. R. Co. v. Perkins, 152 Ala. 133, 44 South. 602, to the effect that no recovery could be had upon simple negligence, where the testimony tends only to establish an intentional or wanton wrong, and that the charge is to be construed as if there was no proof of subsequent negligence. In that case, as disclosed by the opinion, the record was entirely silent as to any fact or inference warranting a conclusion that negligence proximately caused the intestate's death. That authority is without application here.

[1] The evidence has been carefully considered and will not be here discussed in detail. While some of the testimony for the plaintiff was doubtless sufficient for the submission of the wanton count to the jury for consideration, yet in passing upon the correctness of this charge it must be kept in mind that the jury must consider the entire evidence in the cause, and when this is done it will be found that the issue of subsequent negligence was also properly submitted for their consideration. It is, of course, a familiar rule that under a count for simple negligence recovery may be had for subsequent negligence. L. & N. R. R. Co. v. Calvert, 172 Ala. 597, 55 South. 812.

[2] Indeed, a reading of the record is rather persuasive that the cause was tried largely upon the theory of subsequent negligence. The plaintiff himself did not insist that he had observed the rule of stop, look, and listen, for he admits that he merely slowed his car down to about 4 miles an hour. For this failure on his part to preclude him from a recovery upon simple or initial negligence, such must have contributed proximately to the injuries. The "negligent act, in order to defeat a recovery, must have been the proximate cause, * * * not the remote cause, or mere condition." So. Ry. Co. v. Jones, 143 Ala. 328, 39 South. 118; Cent. of Ga. v. Hyatt, 151 Ala. 355, 43 South. 867; Bailey v. So. Ry. Co., 196 Ala. 133, 72 South. 67. Several authorities discussing the question of proximate cause are cited in the recent case of Assurance Co. v. Hann, 201 Ala. 376, 78 South. 232.

[3] Subsequent negligence, of course, recognizes prior contributory negligence on the part of the plaintiff, and such prior contributory negligence, therefore, is neither the cause of the injury nor contributory thereto, but merely the cause or condition upon which the subsequent negligence rests. Cent. of Ga. R. R. Co. v. Foshee, 125 Ala. 199, 27 South. 1006.

[4] The charge here in question was to the effect that, if the jury believed that the plaintiff, before attempting to cross, did not stop, look, and listen for the train, and that by reason of such failure plaintiff's car was injured, then he could not recover. Whether aside from the question of negligence, this charge would be erroneous for using the words "by reason of," instead of "proximate cause," we need not determine. The trial judge reached the conclusion that, in view of the evidence as to subsequent negligence, the charge was so misleading as to have probably injuriously affected plaintiff's cause, and for this reason granted the new trial. In this we are of the opinion he correctly ruled. The charge lays particular stress on contributory negligence on the part of plaintiff, confessedly true as to the doctrine of stop, look, and listen, but ignores entirely any theory of recovery upon the principle of subsequent negligence, and was easily calculated to mislead the jury in believing that contributory negligence affected the question of liability based upon subsequent negligence. The failure of the plaintiff to stop, look, and

listen might have been a condition giving rise to the situation, which afterwards brought into play the doctrine of subsequent negligence, and in that manner might have been—in the language of the charge—"a reason for the injury," yet, of course, was not the proximate contributory cause thereof.

We are unwilling to hold that the court incorrectly ruled in granting the new trial upon this ground (Coleman v. Pepper, 159 Ala. 310, 49 South. 310) and the judgment will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes