**LOUISVILLE & N. R. CO. v. CLOUD.**
(8 Div. 436.)

(Supreme Court of Alabama. April 27, 1922.)

1. **Railroads** ⬅5½, New, vol. 6A Key-No. Series—**Company not suable for injury occurring during federal control.**

In an action for injuries caused by a railroad operated by the Director General, as agent for the United States, it is improper to join the railroad company.

2. **Railroads** ⬅327(2)—**Automobile driver held guilty of contributory negligence.**

An automobile driver, who crossed three parallel tracks and was then struck by a train which he could have seen in time had he looked, and which he would also have heard had he stopped the noise of his engine, *held* guilty of contributory negligence.

Appeal from Circuit Court, Morgan County; Robert C. Brickell, Judge.

Action by W. E. Cloud against the Louisville & Nashville Railroad Company, John Cobb, and Walker D. Hines, as Director General, for damages to person and property. Judgment for plaintiff, and defendant railroad company appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

The Louisville & Nashville Railroad Company and John Cobb demurred to the complaint for a misjoinder of parties defendant. The judgment entry shows the filing of additional demurrers to the complaint and separate count, the consideration of the demurrers by the court, and that they were overruled.

Eyster & Eyster, of Albany, for appellant.

The court erred in overruling the demurrers as to misjoinder of the party defendants. 205 Ala. 355, 87 South. 603, 13 A. L. R. 1020; 206 Ala. 110, 89 South. 376; 250 U. S. 135, 39 South. 502, 63 L. Ed. 897. It appears without dispute that the accident was purely the fault of the defendant. (C. C. A.) 266 Fed. 969; 78 Me. 346, 5 Atl. 771; 49 N. J. Law, 473, 9 Atl. 680; 172 Ala. 584, 55 South. 218; 205 Ala. 70, 88 South. 133.

J. N. Powell, of Falkville, and Sample & Kilpatrick, of Hartsells, for appellee.

The demurrers were not passed upon by the court, and hence nothing is presented for review here. Counsel discuss other assignments of error, but without citation of authority.

SAYRE, J. [1] At the time of the accident in which plaintiff (appellee) received his injures, December, 1919, the Louisville & Nashville Railroad was being operated by the Director General of Railroads as agent for the United States. The railroad company was therefore improperly joined. Charlton v. A. G. S. (Ala. Sup.) 89 South. 710.[1] There was a demurrer taking this point; but we cannot find in the record a responsive ruling by the trial court. However, for this reason, and as well that to be stated in respect to the case against the other defendants, the railroad company was entitled to the general affirmative charge.

As to the facts: It may be conceded that the plaintiff stopped before going upon the track. His testimony is that he looked, or, as he put it at other times, "glanced" up and down the track before going upon it. But it is undisputed that, before reaching the track on which he was struck by defendant's train,

[1] 206 Ala. 341.

he crossed three other parallel tracks, the view along which was unobstructed, and that a train approaching the crossing from the north, as did the train by which plaintiff was injured, could be seen for a mile before it reached the place. Nevertheless, plaintiff, in full possession of his senses, in broad daylight, and in surroundings with which he was entirely familiar, drove his automobile upon the track so close in front of the train, and there stopped, or was in the act of stopping, —or it may be that his automobile stopped or slowed down, nearly to the point of stoppage, for some cause beyond his control— so near to the train that no effort on the part of the trainmen could have avoided the catastrophe. All this plaintiff virtually admitted on cross-examination. Plaintiff may have "glanced" up the track, but, on any view of the evidence, it is clear beyond dispute that, had he "looked," he would have seen the approaching train in ample time to have avoided the accident by stopping his automobile and waiting for the train to pass (Peters v. So. Ry. Co., 135 Ala. 533, 33 South. 332), and it counts nothing against this view that the space between the parallel street and the first track was piled with lumber, for between the edge of the street and the track on which plaintiff was struck, three other tracks were laid. Likewise, he may have listened, but it is clear beyond controversy that, had he stopped the noise of his engine —for his duty in that matter see Davis v. Chicago, etc., Co., 159 Fed. 10, 88 C. C. A. 488, 16 L. R. A. (N. S.) 424; Chicago, etc., Co. v. Biwer (C. C. A.) 266 Fed. 965—he would also have heard the train in ample time to have conserved his safety. Quite a number of witnesses—not engaged in the perilous business of crossing four railroad tracks—heard the approaching train, and so might plaintiff have heard had he exercised due care.

[2] On the whole evidence, including that of plaintiff it appears as matter of law that plaintiff was guilty of contributory negligence in going upon the track as he did, and that his failure to make efficient use of simplest precautions was the proximate cause of his injury, and, therefore, that defendants were entitled to the general charge. L. & N. v. Turner, 192 Ala. 392, 68 South. 277; Hines v. Cooper, 205 Ala. 70, 88 South. 133; L. & N. v. Williams, 172 Ala. 560, 55 South. 218; Rothrock v. A. G. S., 201 Ala. 308, 78 South. 84.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.