MOBILE LIGHT & R. CO. v. GADIK.
(1 Div. 274.)

(Supreme Court of Alabama. May 29, 1924. Rehearing Denied June 30, 1924.)

1. Street railroads ⬅99(10)—Automobile driver's failure to look negligence.

An automobile driver's failure to look for approaching street car at intersection is negligence.

2. Street railroads ⬅99(11)—Automobile driver passing "blind corner," without having car under control held negligent.

For an automobile driver to pass a "blind corner," where the building extended to the property line, and had a shed extending to the curb, at such speed or in such manner that his automobile could not be stopped after street car could be seen approaching so near as to strike it before it could cross track, constituted negligence; due care demanding that the automobile be kept under control.

3. Street railroads ⬅101—Instruction contributory negligence barred recovery held required.

In an action for damages to an automobile struck by street car, defendant held entitled to instruction that plaintiff could not recover for simple initial negligence because of his own negligence, provided it proximately contributed to the injury to his car.

4. Negligence ⬅119(7)—Count charging simple negligence authorizes recovery on evidence of subsequent negligence.

A count charging simple negligence, in general terms, authorizes recovery on evidence of negligence after discovery of peril; plaintiff's original negligence then not being the proximate cause, but merely presenting an occasion or condition.

5. Street railroads ⬅103(1)—Care required on discovery of peril.

The law exacts a high degree of care of a motorman upon discovery of peril to persons or property at a public crossing, measured by the duty to protect life and property; he should be watchful, alert, and capable, and must promptly use all means known to persons of skill in his position to avoid accident.

6. Street railroads ⬅103(3)—Motorman required to warn automobile driver in peril.

While an automobile approaching a street car crossing at a safe distance at usual speed does not suggest peril, if it continues to approach without slowing up, or the driver is seen to be inattentive, the motorman's duties begin; his duty to give warning signal being urgent, if driver appears inattentive, and more imperative, if he sees he cannot stop short of the collision.

7. Street railroads ⬅117(35)—Negligence after discovery of peril held for jury.

In an action for damage to an automobile, struck by street car at an intersection, whether motorman after discovering plaintiff's peril failed to give warning signal held for jury.

8. Street railroads ⬅118(11)—Charge on contributory negligence of automobile driver held properly refused as likely to mislead jury.

Charge that, if plaintiff negligently drove his car close enough to street car track to be stricken, without looking for cars, and thereby proximately contributed to the injury, he could not recover under count charging simple negligence, held properly refused as calculated to lead jury to deny recovery, despite subsequent negligence.

━━━━━

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**9. Damages ⬉174(1)—Matters provable on question of damages to automobile.**

While difference between reasonable market value immediately before and immediately after injury is usual measure of damages to automobile, opinions as to value often differ so widely that reasonable cost of repairs actually made, reasonable value of hire or use of the car while damaged, expense of removal from repair place, etc., are provable.

**10. Damages ⬉212—If trial court attempts to itemize elements, should include all.**

If the trial court undertakes by instructions to itemize the elements of loss, care should be taken to' include all shown by evidence.

**11. Damages ⬉217—Instructions that cost of repairs to damaged automobile should be considered are required.**

In action for damages to automobile struck by a street car, instructions that cost of repairs and other items in evidence should be looked to in connection with all the evidence to determine market value before and after the injury should be given.

**12. Trial ⬉253(1)—Charges ignoring part of case are misleading.**

Charges, ignoring some phase of the case before the jury, are misleading and improper.

**13. Street railroads ⬉117(36)—Issue of wantonness held for jury.**

In an action for damages to an automobile struck by a street car at an intersection, evidence that the street car was driven into a much used street crossing about 50 feet wide at 18 to 20 miles an hour, much greater than usual speed, without signals of warning, made a jury question on issue of wantonness.

Appeal from Circuit Court, Mobile County; Claude A. Grayson, Judge.

Action by W. A. Gadik against the Mobile Light & Railroad Company to recover damages to an automobile by collision with a street car. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Charge Y, refused to defendant, is as follows:

"Y. The court charges the jury that you cannot find a verdict for the plaintiff under the first count of the complaint for more than $80, with interest thereon at 8 per cent. from the date of the injury complained of."

Harry T. Smith & Caffey, of Mobile, for appellant.

The undisputed evidence showing that plaintiff was following a truck, looking only at it, and, without stopping, looking, or listening, ran his car into the side of the street car, or into a position where it was hit by the street car, the plea of contributory negligence was proven as a matter of law. L. & N. v. Williams, 172 Ala. 560, 55 South. 218; L. & N. v. Turner, 192 Ala. 395, 68

South. 277; Bailey v. Só. Ry., 196 Ala. 133, 72 South. 67. The motorman was under no duty to sound his gong on approaching the intersection, unless he had reason to believe there was danger of a collision. Merrill v. Sheffield, 169 Ala. 251, 53 South. 219, C. of G. v. Blackmon, 169 Ala. 311, 53 South. §05. Charge 5 should have been given for defendant. B. R., L. & P. Co. v. Oldham, 141 Ala. 195, 37 South. 452, 3 Ann. Cas. 333; Ross v. Brannon, 198 Ala. 124, 73 South. 439; Anniston Elec. Co. v. Rosen, 159 Ala. 195, 48 South. 798, 133 Am. St. Rep. 32; Schmidt v. L. & N., 204 Ala. 694, 87 South. 181. Charge Y should have been given. So. Ry. v. Reeder, 152 Ala. 227, 44 South. 699, 126 Am. St. Rep. 23.

Smiths, Young, Leigh & Johnston, of Mobile, for appellee.

Under a count charging simple negligence, recovery may be had for subsequent negligence. Hines v. Champion, 204 Ala. 227, 85 South. 511; Armour & Co. v. Ala. Power Co., 17 Ala. App. 280, 84 South. 628; B. R.,.L. & P. Co. v. Sprague, 196 Ala. 148, 72 South. 96; Ross v. Brannon, 198 Ala. 124, 73 South. 439; B. R., L. & P. Co. v. Camp, 2 Ala. App. 649, 57 South. 50. If the motorman was under no duty to give warning signals until plaintiff's danger became apparent, this would be no defense to a wanton count. B. R., L. & P. Co. v. King, 149 Ala. 504, 42 South. 612; Garth v. Ala. Tr. Co., 148 Ala. 96, 42 South. 627; B. R., L. & P. Co. v. Williams, 158 Ala. 381, 48 South. 93. Charges possessing misleading tendencies are properly refused. A. G. S. v. Flinn, 199 Ala. 177, 74 South. 246; B. L. &. P. Co. v. Milbrat, 201 Ala. 368, 78 South. 224; Herring v. L. & N., 203 Ala. 136, 82 South. 166; A. G. S. v. McFarlin, 174 Ala. 637, 56 South. 989.

BOULDIN, J. The action is for damages to an automobile from collision with a street car at a crossing in the city of Mobile.

The complaint contained one count for simple negligence and one for wanton injury, in the usual form. The pleas were the general issue and a special plea of contributory negligence to the first count.

The first question presented is whether defendant was entitled to the affirmative charge on the count for simple negligence.

[1, 2] At the time of the collision plaintiff was driving his automobile north on Warren street, and the street car was going west on Charleston street. Plaintiff's evidence tended to show he brought his car to a stop so close to the track as to be struck by the passing street car; that in approaching the track there was a "blind corner" on his right; that is. to say, the corner building came out flush with the property line on both streets; that a shed extended out over the sidewalk to the curb line; and that this

shed, and a horse and wagon standing near thereto, obstructed the view of the approaching street car on Charleston street. It is not disputed that plaintiff's view was unobstructed beyond the curb line, some 13 feet from the street car track. The point at which plaintiff could see the street car would depend to a degree on how far he was out in Warren street from these obstructions as he approached the crossing. Admittedly he passed a wagon between him and the curb; some evidence tended to show he was near the middle of Warren street. We suggest that plaintiff could see the street car as soon as the motorman could see the automobile. It was in the daytime. Plaintiff testified he could stop his automobile at the speed he was going within 12 or 13 feet. Taking plaintiff's view in considering the issue of contributory negligence, it appears he could have seen the street car in time to bring his automobile to a stop before reaching the point of collision. But it further appears without dispute that plaintiff did not look for an approaching street car, but was looking straight ahead at a truck he was following, and choked his automobile down upon a signal of warning given from the truck. This failure to look was negligence. It is negligence also to pass a "blind corner" at such speed or in such manner that an automobile cannot be stopped after a street car can be seen approaching so near as to strike the automobile before it can cross the track. Due care demands that the automobile be under control at such a place.

[3] The defendant was entitled to have the jury instructed that plaintiff could not recover for simple initial negligence because of his own negligence, provided it proximately contributed to the injury to his car. L. & N. R. R. Co. v. Williams, 172 Ala. 560, 55 South. 218; L. & N. R. R. Co. v. Turner, 192 Ala. 395, 68 South. 277; Bailey v. Southern Ry. Co., 196 Ala. 134, 72 South. 67; Ross v. Brannon, 198 Ala. 124, 73 South. 439; Anniston Electric & Gas Co. v. Rosen, 159 Ala. 195, 48 South. 798, 133 Am. St. Rep. 32.

[4] This brings us to the question of negligence of the motorman after the discovery of peril of plaintiff's car. A count charging simple negligence in general terms authorizes a recovery on evidence of negligence after discovery of peril. In that event plaintiff's original negligence is not the proximate cause of the injury, but merely presents an occasion or condition upon which the defendant's negligence, after discovery of such condition of peril, becomes the sole efficient cause of the injury.

[5, 6] The law exacts a high degree of care of a motorman upon discovery of peril to persons or property at a public crossing—a care measured by the duty to protect life and property. He should be watchful, alert, and capable; must promptly use all the means known to persons of skill in his position to avoid an accident. The moment of time when these new duties begin cannot well be better defined than by the natural import of the words, "upon discovery of peril." An automobile seen approaching a crossing at a safe distance and at usual speed does not within itself suggest peril. The driver may be taken to have the use of his senses, and to exercise the ordinary care which the occasion demands. But, if the automobile continues to approach without slowing up, or the driver is seen to be inattentive, so that the situation suggests a probable collision unless prompt measures are taken, the duties of the motorman begin. One of the duties is usually to give a warning signal. If the automobile driver appears inattentive to the approach of the street car, this is an urgent duty. It should be given before it is too late to avoid a collision. If the motorman sees he cannot stop his street car short of the point of collision, the giving of warning signals becomes more imperative.

[7] In the case at bar there was evidence that the motorman saw plaintiff's automobile when 25 to 40 feet from the point of contact. There was evidence that the motorman did sound the gong and otherwise strive to prevent the accident, and that plaintiff ran his car into the side of the street car; but there was evidence that no signal of warning was given. Without discussing other features of the evidence, this feature made a case for the jury on negligence after discovery of peril. The affirmative charge on count 1 was properly refused. Hines v. Champion, 204 Ala. 227, 85 South. 511; Armour & Co. v. Alabama Power Co., 17 Ala. App. 280, 84 South. 628; Birmingham R., L. & P. Co. v. Sprague, 196 Ala. 148, 72 South. 96.

[8] Defendant's refused charge No. 5 reads:

"The court charges the jury that under the undisputed testimony in this case, if believed by the jury, it was the duty of the plaintiff not to have driven his automobile close enough to the track to be stricken by the car without first looking for the approach of the car, and if he negligently failed to do so and thereby proximately contributed to the injury, then he cannot recover under the first count of the complaint."

It will be noted that this charge is directed to the count for simple negligence only. As shown, however, there was an issue of subsequent negligence under this count.

To the trained legal mind the charge negatives subsequent negligence, because the original negligence set out in the charge would not proximately contribute to the injury, if subsequent negligence intervened.

But subsequent negligence is not mentioned in the charge. It was well calculated to be construed by the jury as directing a verdict for defendant, if plaintiff negligently ran his car into the zone of danger. The charge was properly refused. Boyette v.

Bradley (Ala. Sup.) 100 South. 647;[1] Renfroe v. Collins & Co., 201 Ala. 489, 78 South. 395; Hines v. Champion, 204 Ala. 227, 85 South. 511.

[9] In fixing the measure of damages it is the aim of the law to reimburse the actual loss. This loss is usually ascertained by finding the difference between the reasonable market value immediately before and immediately after the injury. This is generally declared to be the true measure of damages. Direct proof of values depends generally on opinion evidence. These opinions often differ widely, especially in case of injury to valuable machinery like an automobile. The uncertainty as to whether repairs will restore it to its original condition must often enter into the estimate of loss of value.

When the injury may be fully repaired, the reasonable cost of repairs is the proper subject of inquiry. If actually repaired and the property restored to a condition as good as before the injury, the party charged with the injury is entitled to show these facts and the cost thereof. But this cost may not be the sole loss. The reasonable value of the hire or use of the car while deprived thereof, the expenses of removing it to and from the place of repair, and maybe other elements, may enter into the real loss. No hard and fast rules should be imposed upon the trial court in the admission of evidence touching the elements upon which a fair judgment of the loss in market value may be ascertained.

There may be cases' of slight injury to highly valuable property, or other conditions in which the mind turns naturally to the inquiry what will it cost to replace the injured parts. Such was the case of Southern Ry. Co. v. Reeder, 152 Ala. 227, 44 South. 699, 126 Am. St. Rep. 23, involving injury to a steamboat by contact with a drawbridge. See, also, Plylar v. Jones, 207 Ala. 372, 92 South. 445.

[10] If the trial court undertakes by instructions to the jury to itemize the elements of loss, care should be taken to include all such items. If they are not all in evidence, such rule is not applicable.

[11] In general, it is the safer rule, supported by reason and long established precedent, and of easy application, to fix the measure of damages at the loss in reasonable market value. This was the rule followed by the court below. Proper instructions should also be given to the effect that costs of repairs and other items in evidence should be looked to in connection with all the evidence, to determine the difference in market value immediately before and immediately after the injury. There was no error, therefore, in refusing charge Y, requested by defendant. Byars v. James, 208 Ala. 390, 94 South. 536; Burnett v. Miller, 205 Ala. 606, 88 South. 871; Thompson v. Pollock Dry Goods Co., 207 Ala. 713, 92 South. 922; Birmingham R., L. & P. Co. v. Sprague, 196 Ala. 148, 72 South. 96; 17 C. J. p. 877, § 183, notes 8–10.

[12] We deem it unnecessary to consider in detail the other refused charges. Charges which ignore some phase of the case before the jury are misleading and properly refused. Charges which merely declare a legal duty which does not affect liability on one phase of the case are of this class, unless properly limited in their application. The oral charge of the court defined the duty to look and listen, and stop, if need be; and charges, repeating such instructions in substance, could be refused without error.

[13] There was some evidence that the street car was driven into a much used street crossing, about 50 feet in width, at a speed of 18 to 20 miles per hour—much greater than the usual speed—without signals of warning. This made a jury question on the issue of wantonness. Charges ignoring this issue were properly refused.

We find no reversible error in the refusal of charges, nor rulings upon evidence.

Affirmed.

All the Justices concur.