## MOBILE LIGHT & R. CO. v. LOGAN.
### (1 Div. 382.)

(Supreme Court of Alabama.   Nov. 5, 1925.)

**1. Appeal and error ⬅997(3), 1005(2)—Verdict for plaintiff allowed to stand in negligence case, if his version of occurrence may be accepted as substantially correct in all material respects.**

In negligence case, after verdict for plaintiff, if plaintiff's version of occurrence may be accepted as substantially correct in all material respects, verdict must be allowed to stand in determining whether court erred in denying defendant's general affirmative charge and motion for new trial.

**2. Trial ⬅253(4)—Charge on contributory negligence held properly refused, where issue of subsequent negligence ignored, and court instructed on such issue.**

In action for injuries sustained by plaintiff when his automobile was struck by street car, charge on contributory negligence *held* properly refused, where it ignored issue of subsequent negligence of defendant raised by pleading and sustained by evidence, and court accurately stated issue to jury.

**3. Negligence ⬅118—Special pleading not necessary to raise issue of subsequent negligence.**

In negligence case, special pleading is not necessary to raise issue of subsequent negligence.

**4. Street railroads ⬅99(6)—Charge, requiring plaintiff to have looked straight ahead at defendant's track before entitled to recover, held properly refused.**

In action for injuries sustained by plaintiff when his automobile was struck by street car, charge, requiring plaintiff to have "looked straight ahead at defendant's track" before he was entitled to recover, *held* properly refused, since plaintiff was not only required to observe defendant's track but actual or probable movement of other vehicles in street.

**5. Trial ⬅260(8)—Charge, requiring plaintiff to have looked straight ahead at defendant's track before entitled to a recovery, held properly refused, in view of court's instructions.**

In action for injuries sustained by plaintiff when his automobile was struck by defendant's street car, charge, requiring plaintiff to have "looked straight ahead at defendant's track" before entitled to a recovery, *held* properly refused, in view of court's instructions.

**6. Trial ⬅194(17)—Instruction invading province of jury held properly refused.**

In action for injuries sustained by plaintiff when his automobile was struck by defendant's street car, charge that motorman was under no duty to sound any warning or to check street car until he realized that plaintiff was not aware of its approach, or that he could not or probably would not turn off track in time to avoid collision with street car, *held* properly refused, since whether defendant's motorman

should have sounded an alarm was a question for jury and not for court.

**7. Trial ⬅253(4)—Instruction, ignoring issue of subsequent negligence by street car motorman, held properly refused.**

In action for injuries sustained by plaintiff when his automobile was struck by street car, instruction that, if plaintiff knew of street car's approach, and that a collision would probably occur if he proceeded further on track, and he thereafter continued to drive toward street car until collision occurred, he could not recover, *held* properly refused as ignoring issue of subsequent negligence on part of defendant's motorman.

**8. Street railroads ⬅110(1)—Replication held to charge street car motorman with knowledge of impending danger to plaintiff.**

In action for injuries sustained by plaintiff when his automobile was struck by defendant's street car, allegation in plaintiff's replication that motorman discovered or saw plaintiff's automobile approaching on the track, and that a collision between them was imminent unless, etc., *held* to charge defendant's motorman with knowledge of impending danger to plaintiff.

**9. Street railroads ⬅110(1)—Replication entitling plaintiff to recovery, unless motorman made proper use of means at his command to stop car, held unobjectionable.**

In action for injuries sustained by plaintiff when his automobile was struck by defendant's street car, replication entitling plaintiff to recovery, unless defendant's motorman made proper use of means at his command to stop car, *held* not to exact of motorman infallibility of judgment, but only to make such use of means at hand as a motorman, fit for his job and intent upon avoiding impending peril to person on track, could and would have made.

**10. Street railroads ⬅90(4)—Duty of street car motorman to avoid striking plaintiff's automobile stated.**

Motorman operating street car was required to make such use of means at hand as a motorman, fit for his job and intent upon avoiding an impending peril to person on track, could and would have made to avoid striking plaintiff's automobile.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Action for damages by Floyd Logan against the Mobile Light & Railroad Company. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

Defendant's plea 2 is as follows:

"(2) For further plea in this behalf, the defendant says that the plaintiff was himself guilty of negligence in this, that he negligently drove his said automobile westwardly on the defendant's street car track until he came into collision with the defendant's car, which was proceeding eastwardly along said track, although he knew that said car was approaching, or would have known that it was approaching, in dangerous proximity, if he had looked

---

straight ahead at the defendant's track, by reason of which negligence, plaintiff proximately contributed to said injury."

Plaintiff's replication 2 to defendant's plea 2 is as follows:

"(2) That the operator of defendant's said street car discovered or saw the automobile driven by the plaintiff approaching on the defendant's said street car track, and that a collision between said automobile and street car was imminent unless he should immediately stop said street car or slow it down, and that although the driver of said street car after making said discovery could, by the proper use of the means at his command, have stopped said street car or have slowed it down and thereby have averted said collision, he nevertheless negligently failed to stop said car or slow it down in time to avert said collision, and thereby, and as a proximate consequence of his said negligence, he did cause said collision and plaintiff's injuries as aforesaid."

These charges were refused to defendant:

"(4) The court charges the jury that the defendant's motorman was under no duty to sound any warning or to check or stop the street car which collided with the automobile the plaintiff was driving, until the motorman realized, or by the exercise of reasonable care and prudence should have realized, that the plaintiff was not aware of the approach of said street car, or that he could not or probably would not turn off the track in time to avoid a collision with the street car."

"(9) The court charges the jury that if they are reasonably satisfied from the evidence that, after the plaintiff knew of the approach of the street car and that a collision with it would probably occur if he proceeded further on the track, he nevertheless negligently continued to drive said automobile toward said street car until the collision occurred, then the plaintiff cannot recover."

Harry T. Smith & Caffey, of Mobile, for appellant.

There being a total absence of any evidence of a wanton or willful act, or of subsequent negligence, on the part of the motorman, defendant was entitled to the affirmative charge. Warden v. L. & N., 94 Ala. 277, 10 So. 276, 14 L. R. A. 552; Woodward Iron Co. v. Jones, 80 Ala. 128; Shirley v. Sou. Ry., 198 Ala. 103, 73 So. 430; L. & N. R. Co. v. Calvert, 172 Ala. 602, 55 So. 812. Charge 4 asserts a correct principle and should have been given. Merrill v. Sheffield Co., 169 Ala. 242, 53 So. 219. Charge 9 correctly states the law and should have been given. Stanford v. St. L. & S. F., 163 Ala. 210, 50 So. 110; A. G. S. v. McWhorter, 156 Ala. 276, 47 So. 84; L. & N. v. Young, 153 Ala. 235, 45 So. 238, 16 L. R. A. (N. S.) 301. A motorman in charge of a street car, seeing an automobile on the track approaching from the opposite direction, has the right to presume that it will leave the track in time to avoid collision. Frazer v. S. & N. A., 81 Ala. 186, 1 So. 85; Sou. Ry. v. Gullatt, 150 Ala. 320, 43 So. 577.

213 ALA.—43

To overcome the effect of contributory negligence, it was necessary to show that the motorman, not only saw the situation, but realized the danger. B. R., L. & P. Co. v. Jaffee, 154 Ala. 548, 45 So. 469; B. R., L. & P. Co. v. Cockrum, 179 Ala. 372, 60 So. 304; L. & N. v. Calvert, 170 Ala. 572, 54 So. 184; Daniel v. Carney, 148 Ala. 81, 42 So. 452, 7 L. R. A. (N. S.) 20, 121 Am. St. Rep. 34, 12 Ann. Cas. 612; Sou. Ry. v. Bush, 122 Ala. 470, 26 So. 168.

Outlaw & Kilborn, of Mobile, for appellee.

Charge 2, requested for defendant, was properly refused. M. L. & R. Co. v. Gadik, 211 Ala. 582, 100 So. 837. Likewise charge 9. B. R., L. & P. Co. v. Fisher, 173 Ala. 623, 55 So. 995; Adams v. Crimm, 177 Ala. 279, 58 So. 442; L. & N. v. Mertz, 149 Ala. 561, 43 So. 7. Replication 2 is sufficient. M. L. & R. Co. v. Gadik, supra; Hurt v. Sou. Ry., 205 Ala. 179, 87 So. 533.

SAYRE, J. Plaintiff Logan recovered judgment for personal injuries sustained by him in a collision between a Ford coupé he was driving and a street car operated by the defendant. Defendant requested the general affirmative charge and made a motion for a new trial. Both request and motion were ruled against defendant and now, upon consideration of the evidence, it is urged that these rulings were affected by error.

[1] The evidence was in conflict, and, probably, if we were considering it in the first instance, we would think the weight of it was on the side of defendant; but, if plaintiff's version of the occurrence may be accepted as substantially correct in all material respects, the result, under the firmly and properly settled rules of this court in such matters, must be allowed to stand as against these two assignments of error. Cobb v. Malone, 92 Ala. 630, 9 So. 738.

[2, 3] Charge 2, requested by defendant, was properly refused. This charge was framed in the language of defendant's plea of plaintiff's contributory negligence. The issue thus raised, with correct conclusion in the event of a finding in agreement with defendant's contention, was accurately stated to the jury in the court's oral charge; but the court added that the issue made by plaintiff's replication, alleging the negligence of defendant's motorman subsequent to his discovery of plaintiff's peril, would need to be considered in the same connection. In this the court was right; and the special charge under consideration was correctly refused because it ignored the issue of subsequent negligence raised by the pleading in this case—though special pleading to the effect was not necessary—and sustained by clear tendencies of the evidence. Mobile Light & R. R. Co. v. Gadik, 211 Ala. 582, 100 So. 837.

[4, 5] Charge 3, requested by defendant,

was not accurately phrased to instruct the jury in that it required of plaintiff that, in the circumstances stated, he should have "looked straight ahead at defendant's track." Plaintiff was under necessity to observe not only defendant's "track"—conceding, for the argument, that the charge meant defendant's approaching street car—but the actual or probable movement of other vehicles in the street. But aside from that, the statement of the issues of law and fact shown by this charge was fairly covered by the court's oral instruction to the jury, and, with perhaps undue favor to defendant, in written charge 14, given at its request.

[6] There was no error in refusing charge 4 requested by defendant. Whether defendant's motorman should have sounded an alarm was, in the circumstances, a question for the jury, not the court. The purpose of such alarm would have been to inform plaintiff of the approach of the street car. To have waited until the motorman realized that plaintiff was not aware of such approach might very well have deprived an alarm of its utility; hence the propriety of submitting the requirement of due care in this regard to the jury in the circumstances of this case.

[7] Defendant's charge 9 ignored the issue of subsequent negligence on the part of defendant's motorman, and hence was refused without error. Mobile Light & R. R. Co. v. Gadik, supra.

Defendant's charge 11, as reported in the transcript, was somewhat confused, and its possible service in the way of instructing the jury was more clearly performed by charge 14, given at defendant's request, and there was no error in its refusal.

Charge 12 was also covered by given charge 14, and, as we said when considering defendant's requested charge 3, charge 14 stated the relevant principle of law in a form rather more favorable to defendant than was its due. So also in reference to charge 15, requested by defendant.

[8] Plaintiff's replication 2 was designed to plead the negligence of defendant's motorman subsequent to plaintiff's contributory negligence alleged in plea 2. The point of criticism seems to be that, while the replication alleges that the motorman discovered or saw plaintiff's automobile approaching on defendant's track, it fails to allege that the motorman realized the danger involved in the situation thus presented to his cognizance. The allegation is that the motorman "discovered or saw the automobile driven by the plaintiff approaching on defendant's said street car track, and that a collision between said automobile and street car was imminent unless," etc. To hold that this allegation fails to charge defendant's motorman with knowledge of the impending danger to plaintiff would involve useless refinement and an unjustifiable presumption against the motorman's understanding and appreciation of the meaning of an obvious situation. The case of subsequent negligence thus shown differs materially from the cases shown in defendant's cited adjudications. In L. & N. v. Calvert, 170 Ala. 565, 54 So. 184, it was held that an allegation that plaintiff's danger was "apparent to the servants or agents of defendant" was not the equivalent of an allegation that said servants knew of plaintiff's peril; this in considering the sufficiency of a charge of wantonness which involved a knowledge of existing conditions involving danger to plaintiff. So, substantially, in B. R. L. & P. Co. v. Cockrum, 179 Ala. 372, 60 So. 304, and other cases cited by appellant defendant. In Daniels v. Carney, 148 Ala. 81, 4 So. 452, 12 Ann. Cas. 612, 121 Am. St. Rep. 34, 7 L. R. A. (N. S.) 920, it was ruled that an allegation that the small boat in which plaintiff's intestate was riding was "plainly visible to defendant's servants" was not equivalent to an allegation that they knew. With these decisions we agree; but none of them quite serves defendant's purpose in this case. Our judgment is that plaintiff's second replication sufficiently stated a case of subsequent negligence against defendant's motorman.

[9, 10] Fault is further found with the second replication in its use of the word "proper" in charging defendant's motorman under the circumstances stated with the duty to make "proper use of the means at his command" to stop the car. This criticism savors of too great refinement. We do not construe the replication as exacting of the motorman infallibility of judgment or inerrancy in the use of the means at his disposal, as appellant appears to construe it, but as intending only that in the circumstances alleged he should have made such use of the means at hand as a motorman, fit for his job and intent upon avoiding an impending peril to a person on the track, could and would have made. That much was required of him.

The judgment must be affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.