[L. & N. R. R. Co. v. Calvert, as Admr.]

# L. & N. R. R. Co. *v.* Calvert, as Admr.

## *Crossing Accident.*

(Decided June 16, 1911.  55 South. 812.)

1. *Railroads; Crossing Accident; Negligence; Complaint.*—A count alleging that decedent's danger in being upon defendant's railroad track at a public crossing was known at the time to the defendant's employees on an approaching train, but that, notwithstanding such knowledge, they negligently permitted the engine to run against decedent, thereby killing him, etc., sufficiently alleges subsequent danger.

2. *Same.*—A count alleging that the employees in charge of a train on defendant's railway so negligently managed it that the engine ran against plaintiff's intestate at a public road crossing, proximately causing his death is sufficient to authorize a recovery subsequent negligence.

3. *Same; Contributory Negligence; Duty of Carrier.*—The only duty that a railroad company owes to one who is guilty of contributory negligence in being on the track at a crossing is not to willfully or wantonly run over him, and to not negligently injure him after discovering his peril; and contributory negligence is a complete defense to a negligent failure to discover his peril.

4. *Same; Duty.*—One is guilty of contributory negligence in going upon a track or a crossing without performing his continuing duty to see that the track is clear before attempting to cross.

5. *Same; Jury Question.*—Under the evidence in this case it was a question for the jury whether the engineer discovered decedent's peril in time to avoid striking him.

APPEAL from Blount Circuit Court.

Heard before Hon. JOHN W. INZER.

Action by Jasper Calvert, as administrator, against the Louisville & Nashville Railroad Company. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

The first count was in simple negligence, and charged that the servants or agents in charge of the train so negligently and carelessly conducted themselves in and about the management of said engine and train that the said engine was caused to run upon or against the plain-

tiff's intestate at said public road crossing, as a proximate consequence of which plaintiff's intestate was killed. Count 2 is as follows: "Plaintiff claims of defendant $30,000 for damages, for this: That heretofore, to wit, on the 8th day of September, 1908, the defendant was engaged in the following business in the state of Alabama, viz.: The operation of a railroad, and the running thereon of its engines, trains, and cars propelled by steam, for the transportation of freight and passengers for hire. That on, to wit, the above-named date, plaintiff's intestate was in a place of danger upon or near the defendant's railway track at the following place, viz.: A public road crossing at or near Reed's Gap, in Blount county, Alabama. And the defendant's agents or servants were at the time engaged in operating or running an engine, to which was attached a train of cars, over and along said railway, and over and across said public crossing. And plaintiff avers that his intestate was upon or near defendant's track at said public road crossing, and defendant's engine and train was rapidly approaching said intestate, and said intestate was in danger, and plaintiff avers that the danger of said intestate was seen or known at that time to the defendant's servants or agents in charge or control of defendant's engine or train; but, notwithstanding such knowledge on the part of defendant's said servants or agents in charge or control of defendant's said engine or train, they negligently permitted the same to run upon or against the plaintiffs' intestate thereby killing him. And plaintiff avers that the death of his said intestate was the proximate consequence of, and was caused by reason of, the negligence of the defendant, its servants or agents as aforesaid." This is the count as finally amended. The defense was contributory negligence, failing to stop, look, and listen, etc.

[L. & N. R. R. Co. v. Calvert, as Admr.]

The charge of the court excepted to is as follows: "If he did that, gentlemen, and then went upon the track, and then lost his life, the railroad company was not guilty of negligence by proximately contributing to his death, and plaintiff and his administrator could not recover in this suit; but if you find that Mr. Calvert was guilty of negligence in not looking and listening for the train, approach of the train, but after his perilous condition was discovered upon the track, if such was discovered, or by reasonable diligence on the part of those in charge of the train could have been discovered, and could have been averted by the use of the means at hand of the engineer at that time, and because of the failure upon the part of the engineer to act, and thereby the deceased man proximately lost his life by reason of that negligence, then the plaintiff would be entitled to recover."

W. A. WEAVER, for appellant. The court erred in overruling demurrer to the second count of the complaint.—*Posey v. Hare*, 12 Ala. 567; *Johnson v. L. & N.*, 16 South. 75; *Simmerman v. Hill's C. C. Co.*, 54 South. 426; *L. & N. v. Young*, 45 South. 238; *B'ham O. & M. Co. v. Grover*, 48 South. 682; *L. & N. v. Calvert*, in MS.; *Johnson v. B'ham Ry., L. & P. Co.*, 43 South. 36. The second count is not sufficient as a count for simple negligence.—1 Thompson on Neg., Sec. 376. The court erred in its oral charge.—*A. G. S. v. McWhorter*, 47 South. 86; *Anniston E. & G. Co. v. Rosen*, 48 South. 798; *Cen. of Ga. v. Blackman*, 53 South. 805, and authorities supra. Counsel discuss the evidence with citation of authority, but it is not deemed necessary to here set it out.

GASTON & PETTUS, for appellee. This case is identical with that of the *L. & N. R. R. Co. v. Calvert*, 54

South. 154. The first count was good.—*Cen. of Ga. v. Foshee*, 125 Ala. 200. The second count avers every element of the doctrine of last clear chance, and it is not required that evidential facts be averred.—*Pos. Tel. Co. v. Jones*, 133 Ala. 217. The oral charge of the court was proper.—*Anniston E. & G. Co. v. Rosen*, 159 Ala. 195; *B'ham R. & E. Co. v. Williams*, 158 Ala. 383. The defendant was not entitled to the affirmative charge on either count.—*K. C. M. & B. v. Flippo*, 138 Ala. 487; *Mouton v. L. & N.*, 128 Ala. 546; *A. G. S. v. McWhorter*, 156 Ala. 279. The first count should have gone to the jury on the question of subsequent negligence.— *So. Ry. v. Shepard*, 136 Ala. 214; *Cen. of Ga. v. Foshee*, 125 Ala. 214; *L. & N. R. R. Co. v. Young*, 153 Ala. 236.

ANDERSON, J.—Count 2, as amended, was suffi‐ cient as a subsequent negligence charge, and the point upon which this court divided as to count 2 in the case of *L. & N. R. R. Co. v. Calvert*, 170 Ala. 565, 54 South. 184, was eliminated by the amendment.

The trial court erred in so much of the oral charge as was excepted to by the defendant. If the plaintiff's intestate was guilty of contributory negligence in be‐ ing upon the track, the only duty that the defendant owed him was not to willfully or wantonly run over him, or not to negligently run over him after discover‐ ing his peril, and contributory negligence is a complete defense to a negligent failure to discover his peril.— *Anniston Co. v. Rosen*, 159 Ala. 195, 48 South. 798, 133 Am. St. Rep. 32; *A. G. S. R. R. Co. v. McWhorter*, 156 Ala. 269, and cases cited on page 277, 47 South. 84. .

Count 1 only charges simple negligence, but under our system of pleading it was sufficient to authorize proof of and a recovery for subsequent negligence.— *McWhorter's Case, supra,* and *Foshee's Case*, 125 Ala.

199, 27 South. 1006. It may therefore be conceded that the intestate was guilty of contributory negligence in going on the track, for he was guilty if he did so without stopping to look and listen, and this duty was not discharged by stopping once, some distance off, as the law requires a continuing duty to see that the way is clear before attempting to cross, if he can stop, look, and listen, and thereby ascertain that the way is clear by doing so. "He must stop so near the track, and his survey by sight and sound must so immediately precede his effort to cross over it as to preclude the injection of an element of danger from approaching trains into the situation between the time he stopped, looked, and listened and his attempt to proceed across the track."— *Central of Ga. Rwy. Co. v. Barnett,* 151 Ala. 407, 44 South. 392; *Foshee's Case,* 125 Ala. 212, 27 South. 1006.

There was evidence, however, for the jury to determine whether or not the engineer discovered the peril of the intestate in time to have averted striking him by resorting to preventive means, and whether or not his failure to resort to such means was the proximate cause of the intestate's death. It is true that the engineer testified that he did not see the horse until about the time of the collision, and, if this was true, there was no subsequent negligence. The engineer said, however, he was looking straight ahead, and it may be that his vision, if looking straight up between the rails, extended no considerable distance outside of the rails; yet it was for the jury to determine how far he could see one approaching the track before he actually got on same. There was proof that the right of way was clear, and it was not only a question for the jury, but is a matter of common knowledge, that if one looks a considerable distance ahead, though the eye is aimed at a certain point or object, that the sight will take in to

some extent the surrounding or adjacent space, and it was open to the jury to determine that the engineer discovered the horse and buggy approaching the crossing and before the collision. There was also proof that the front wheels of the buggy had gotten over, and only the hind wheels remained on the track, when the collision occurred, and the slightest delay or slackening in the speed of the train might have enabled the buggy to clear the track. There was proof of the rate of speed of the train, and also of the rate the intestate's vehicle was going just before and at the time of the collision, and, notwithstanding the engineer did not discover the intestate's buggy in time to bring the train to a stop before reaching the crossing, the jury could infer that he did so in time to slacken or check the speed of same, so as to enable the buggy to clear the track before the train reached the crossing. The delay of a second or two on the part of the train in reaching the crossing might have enabled the buggy to clear the track before being struck.

There being proof from which the jury could infer subsequent negligence as the proximate cause of the intestate's death, the defendant was not entitled to the general charge as to count 1, notwithstanding the intestate may have been guilty of contributory negligence in going upon the track. Count 2 charges subsequent negligence, and there was proof sufficient to take it to the jury, and the trial court did not err in refusing the general charge as to said count 2.

Of course, there should be a correct hypothesis for hypothetical questions, and whether or not they existed in the examination of Robinson or were subsequently supplied by the defendant's evidence, so as to prevent reversible error, we need not decide, as the

cause must be reversed for other reasons, and the questions on the next trial can conform to the rule.

The judgment of the circuit court is. reversed, and tions on the next trial can conform to the rule.

Reversed and remanded.

SIMPSON, SAYRE, and SOMERVILLE, JJ., concur.