## Bason *v.* Ala. G. S. R. R. Co.

*Injury to Person on Track.*

(Decided December 21, 1912.   60 South. 922.)

1. *Railroads; Persons on Track; Stop, Look and Listen.*—A traveller along a highway must look and listen before crossing a railroad track, and cannot acquit himself of negligence by stopping some distance off, but must stop near the track and look or listen, else he is guilty of contributory negligence.

2. *Same; Position of Peril.*—The fact that an engineer sees an automobilist approaching the track at a speed of five or six miles an hour does not indicate that the automobilist is in a position of peril so as to necessitate the stopping or slackening the speed of the train.

3. *Appeal and Error; Harmless Error; Pleading.*—It was harmless error to overrule demurrers to a defective plea where the defendant was entitled to the affirmative charge upon other pleas.

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH.

Action by W. H. Bason against the Alabama Great Southern Railroad for damages for being struck while crossing defendant's railroad. Judgment for defendant, and plaintiff appeals. Affirmed.

The first count was in simple negligence, and alleges that plaintiff was injured while crossing defendant's railroad track in an automobile; and that the agents and servants of defendant, while acting within the line and scope of their employment, negligently ran a freight engine upon or against an automobile in which plaintiff was riding, whereby, and as a proximate consequence of such negligence, the automobile was injured in the sum of $1,000, and plaintiff suffered physical injuries, which are alleged.

The second count is the same as the first, except it claims for wanton and willful injury. It does not appear that there was a count for subsequent negligence.

The sixth plea avers that the plaintiff would not have sustained the damages complained of but for the negligence of the plaintiff himself, which negligence proximately contributed to his damages and consisted in this: That he was driving an automobile upon a public road, which crosses the track of this defendant, and while so driving ran his automobile up to or upon the tracks of this defendant, when he knew, or by the exercise of reasonable diligence should have known, that a train on the track of this defendant was approaching said crossing, and in dangerous proximity thereto.

The tendencies of the evidence were that a train was running from Argo to Birmingham, going north on defendant's line, and at the crossing at Argo struck the front part of the automobile in which plaintiff and certain other persons were riding; that the automobile was being run by plaintiff, had just come down a long hill, and was climbing the grade approaching the railroad track on the power acquired in coming down the hill, and was stopped with the front wheels at or very near the ends of the ties on the railroad tracks; that the situation was such, on account of the curves and

the breaks in the ground, that the trainmen could not see the crossing more than 150 feet away, and one approaching the crossing could not see a train more than 15 or 20 feet away from the crossing; that the automobile approached the crossing at a speed of from 4 to 5 miles an hour, and was not stopped until it was observed that the train was in close proximity to them, and was stopped then just about a foot or 18 inches from the rails; that the train was running about 30 miles an hour, and hit the automobile and tore off the front end. The evidence showed the crossing to be an ordinary public road crossing in the country.

PERCY, BENNERS & BURR, for appellant. Under the evidence the questions were for the jury and the court improperly directed the verdict.—*Randall v. B'ham Ry. L. & P. Co.,* 158 Ala. 532; *L. & N. R. R. Co. v. Allen,* 78 Ala. 494. The doctrine of stopping, listening and looking is not a hard and fast rule and conditions may sometimes modify.—*L. & N. R. R. Co. v. Bryant,* 141 Ala. 292; 95 U. S. 163; 144 U. S. 408. It follows therefore that the question of plaintiff's contributory negligence should have been left to the jury.—*Adler v. Martin,* 59 South; *B. R. L. & P. Co. v. Brantley,* 141 Ala. 614.

A. G. & E. D. SMITH, for appellee. Under the doctrine of stop, look and listen the plaintiff was guilty of contributory negligence and the court properly directed the verdict, hence any errors otherwise intervening were without injury.—*A. G. S. v. Roach,* 110 Ala. 266; *H. A. & B. R. R. Co. v. Samson,* 91 Ala. 560; *L. & N. R. R. Co. v. Webb,* 90 Ala. 185; *Same v. Crawford,* 89 Ala. 240; *Same v. Pearce,* 142 Ala. 680. There was no wanton or wilful wrong under the evidence in this case. *Leake v. G. P. Ry. Co.,* 90 Ala. 116; *G. P. Ry. Co. v. Lee,*

92 Ala. 262; *H. A. & B. R. R. Co. v. Maddox,* 100 Ala. 618; *A. G. S. R. R. Co. v. Linn,* 103 Ala. 134.

ANDERSON, J.—There was no evidence to support the willful or wanton counts of the complaint, as the crossing in question was not shown to be such a populous one as to make the manner of passing over same, as did the defendant's trainmen, wantonness. Nor was there any proof that the defendant's servants wantonly or willfully ran into the automobile after a discovery of the plaintiff's peril.

It was a question for the jury as to whether or not the defendant's servants were guilty of simple, initial negligence, resulting from a failure to observe the statutory requirements as to signals before reaching the crossing; there being proof that the signals were given, but negative proof at least, that they were not given. The defendant, however, proved, beyond dispute, its plea of contributory negligence as to the stop, look, and listen rule, and which was a complete defense to simple, initial negligence. It has been repeatedly held by this court that a party is guilty of contributory negligence if he goes upon or across a railroad track without first stopping and looking and listening for approaching trains, and this is a continuing duty. He cannot acquit himself by stopping some distance off and then going on over, but he must stop near the track; and his survey by sight and sound must so immediately precede his effort to cross over as to preclude the injection of an element of danger from approaching trains into the situation between the time he stopped, looked, and listened and his attempt to proceed across the track.—*L. & N. R. R. Co. v. Calvert,* 172 Ala. 597, 55 South. 812; *Cen. of Ga. Ry. Co. v. Barnett,* 151 Ala. 407, 44 South. 392.

The case of *Cen. of Ga. Ry. Co. v. Hyatt,* 151 Ala.
355, 43 South. 867, is unlike the present case. There
the court held that whether or not it was the plaintiff's
duty to stop and look and listen, and whether or not
his failure to do so was the proximate cause of the in-
jury, was a question for the jury, under the peculiar
facts in said case, as it was questionable whether or not
he could have stopped, and whether or not he could
have seen or heard the engine that did the damage, as
it was ahead of a train and had no light, and, in fact,
it was a delusion and a snare, as the plaintiff may have
seen the light on the train, and may have heard same,
and yet may not have known that an unlighted engine
was ahead of it. Here the evidence shows that the
plaintiff could have seen and heard the train had he
stopped immediately before attempting to cross; and
he could have done so.

This was not a case for the jury as to subsequent neg-
ligence, as the proof does not show any knowledge on
the part of the enginemen of the plaintiff's peril in
time to have averted the injury. The undisputed evi-
dence shows that the engineer did not see the automo-
bile; and, while there is proof from which the jury
could have inferred that the fireman saw it some time
before the collision, there is nothing to indicate that he
knew that they could or would not stop until too late
to prevent the collision. In other words, there was
nothing to indicate that the plaintiff was in peril.—
*Anniston Co. v. Rosen,* 159 Ala. 195, 48 South. 798, 133
Am. St. Rep. 32. In the case of *L. & N. R. R. Co. v.
Calvert,* 172 Ala. 597, 55 South. 812, we held that sub-
sequent negligence was a question for the jury, as the
evidence showed that the intestate was going right up
to and upon the track in a top buggy, and his conduct
was such as to indicate to the engineer that he was in

peril. The facts there are not set out in the opinion or report of the case, but the record shows that the intestate was driving right up to and upon the track in a top buggy.

We do not wish to commend plea 6, but it is questionable as to whether or not it was subject to the plaintiff's grounds of demurrer assigned thereto; but if there was error in overruling same it was error without injury, as the defendant was entitled to the general charge upon other pleas, regardless of plea 6.

The judgment of the city court is affirmed.

Affirmed.

DOWDELL, C. J., and MAYFIELD and DE GRAFFENRIED, JJ., concur.