(85 South. 535)

## CLEVELAND LAUNDRY MACHINERY MFG. CO. v. SOUTHERN STEAM CARPET CLEANING CO. (6 Div. 35.)

(Supreme Court of Alabama.  April 22, 1920. Rehearing Denied May 27, 1920.)

**1. Set-off and counterclaim ⬅️27(2)—Buyer may recoup for defects in machinery.**

In seller's action for price of carpet-cleaning machinery, plea of recoupment, asking damages for defects in the machine, *held* proper, such claim for damages growing out of the transaction upon which seller's cause of action was based.

**2. Damages ⬅️62(4)—Buyer of defective machinery should repair gear wheel if defects would be removed.**

If the only defect in carpet-cleaning machine was in the gear wheel, which could have been replaced or repaired at a reasonable outlay, it would have been buyer's duty in the way of minimizing damages to replace gear wheel.

**3. Sales ⬅️360(2)—Damages not limited to cost of repair, where machine was defective as a whole.**

Where there was evidence that carpet-cleaning machine was defective as a whole and was unable to do the work claimed by seller, refusal of requested instruction, in seller's action for price, that buyer's damages on plea of recoupment for defects should be limited to replacing gear wheel if buyer could have replaced wheel at a reasonable outlay *held* proper.

**4. Trial ⬅️139(1)—Scintilla of evidence sufficient to take issue to the jury.**

Refusal of affirmative charge was properly refused, even though evidence was overwhelmingly in favor of party by whom it was requested; a scintilla of evidence being sufficient to take an issue to the jury.

Appeal from Circuit Court, Jefferson County; H. A. Sharpe, Judge.

Action by the Cleveland Laundry Machinery Manufacturing Company against the Southern Steam Carpet Cleaning Company upon a verified account.  Judgment for defendant, and plaintiff appeals.  Transferred from Court of Appeals under Acts 1911, p. 450, § 6.  Affirmed.

The plea of recoupment, numbered 3, is as follows:

Third. "For further answer to the complaint and to each and every count thereof, the defendant says that plaintiff's said account sued on arose out of the following circumstances: That plaintiff, on and prior to July 4, 1917, was engaged in the city of Cleveland, Ohio, in the manufacture of certain carpet cleaners, and defendant was engaged at that time and since in the business of cleaning carpets in the city of Birmingham, Ala.; that plaintiff on, to wit, July 6, 1917, represented to defendant that it would manufacture a certain carpet cleaner known as a number of nonpareil with a capacity of 225 to 300 yards per load, and agreed to sell same to defendant at and for the sum of $455, one-third of said sum to be paid by defendant with the order for said cleaner, one-third on arrival, and one-third in 30 days thereafter; and thereupon defendant, relying on plaintiff's representations as to the capacity of said machine, agreed to buy it from plaintiff on the said terms and conditions above mentioned, and thereupon after considerable delay plaintiff shipped to defendant a machine or carpet cleaner, and defendant paid to plaintiff according to the terms of said contract the first and second installments, each in the sum of $144.08, aggregating $288.16; that said shipment to defendant was accompanied with certain written and printed instructions of plaintiff to defendant touching the installation of said cleaner by the defendant in his place of business, and thereupon defendant received said machine or cleaner and erected or installed the same in his place of business according to said written instructions and directions; but defendant says that plaintiff's representations as to the capacity of said machine or cleaner were untrue in this, that it was defective in design or workmanship, particularly that its gearing would not fit, mesh, or interlace, and as a result of said defect said machine or cleaner did not have said capacity of 225 to 300 yards per load, but only a capacity of 150 yards per load, proximately resulting in great loss of time, labor, trade, business, and expense to defendant, and said machine was of less market value than the machine the plaintiff agreed to furnish said defendant.

"That by reason of the premises, and owing to the further fact the defendant was put to an expense of time and labor, to wit, $65 in the construction or installation of said machine or cleaner, the plaintiff caused defendant at the institution of this suit said damages as aforesaid in the sum of $288.16 and $65 which the defendant hereby offers to recoup against plaintiff's said claim and account, and demands judgment against plaintiff for the excess."

The following is the charge referred to in the fifth assignment of error as being refused to the plaintiff:

"If you believe from the evidence that the defendant could have replaced the defective gear wheel at a reasonable outlay, then you must limit defendant's damages to replacing said gear wheel at a reasonable cost."

Assignment 3. Affirmative instruction to find in favor of plaintiff on the third plea.

Assignment 4. Affirmative instruction to find for plaintiff on plea 1 (the general issue).

Assignment 6. Charge B, refused to the plaintiff:

"Under the evidence in this case you cannot assess any damages against the plaintiff as claimed in the third plea as being the difference in the value of the machinery as ordered and agreed on and the alleged value of the machinery when received."

Assignment 7. Charge D, refused to plaintiff:

"If you believe the evidence in the case you cannot find or assess any damages against the plaintiff as claimed in the third plea."

Assignment 8. Affirmative charge to find for plaintiff.

Thompson & Thompson, of Birmingham, for appellant.

Plea 3 was subject to demurrer. 120 Ala. 611, 24 South. 942; 82 Ala., 233, 2 South. 302; 115 Ala. 356, 22 South. 151; 140 Ala. 440, 37 South. 199, 103 Am. St. Rep. 58; 137 Ala. 175, 34 South. 841; 141 Ala. 300, 37 South. 436. As to the measure of damages, see 138 Ala. 163, 35 South. 56; 181 Ala. 439, 61 South. 345; 104 Ala. 449, 18 South. 38; 97 Ala. 677, 12 South. 82; 50 Ala. 347; 78 Ala. 512, 56 Am. Rep. 52. The court should have set aside the verdict. 126 Ala. 95, 27 South. 760; 95 Ala. 143, 10 South. 141; 102 Ala. 325, 14 South. 657; 108 Ala. 81, 19 South. 326.

Richard H. Fries, of Birmingham, for appellee.

Under the circumstances the machinery was warranted to be reasonably fit for such purposes. 187 Ala. 629, 65 South. 962. The buyer may recoup by counterclaim or maintain action for breach of warrant. 1 Ala. App. 599, 56 South. 22; 9 Ala. App. 164, 62 South. 388; Id. 254, 63 South. 13.

SAYRE, J. [1] The demurrer to the third plea of recoupment should have been overruled, as it was. By said plea it appeared plainly enough that the indebtedness grew out of the transaction out of which plaintiff's cause of action arose, and was a subsisting claim at the commencement of plaintiff's suit. And in other respects the plea sufficiently described defendant's alleged cross-cause of action.

[2, 3] The charge set out in the fifth assignment of error was properly refused. It is true, of course, that if the only defect in the machine sold by plaintiff to defendant was in the gear wheel, and that could have been replaced or repaired at a reasonable outlay, it would have been defendant's duty, in the way of minimizing damages, to replace the gear wheel; but we cannot say as matter of law on the evidence that the machine was not defective in other respects—it may have been defective, at least there was evidence on which the jury might have hung a finding that it was defective, as a whole, in that, even with a perfect gear wheel, it was and would have been unable to do the amount of work it was said to do. This charge ignored this phase of the evidence; but the court had no right to ignore it.

[4] Charges shown in assignments of error 3, 4, 6, 7, and 8, requested by the plaintiff, substantially, each of them, the general affirmative charge against defendant's plea of recoupment, were properly refused. There was evidence, as we have said, tending to prove the inability of the machine as a whole, and evidence that its value was greatly less than the agreed purchase price. This evidence deprived the bench of the power to give the general charge requested; nor was this proposition as to the power of the court in the least denied or modified by the further fact, assuming it to be a fact as alleged by appellant, that the evidence overwhelmingly supported appellant's contention. In our system of law and practice it is too familiar to require argument that a scintilla of evidence took the issue to the jury.

In overruling appellant's motion for a new trial we presume the court found that the jury were not to be reprobated for giving credence to the two or three witnesses who testified in support of defendant's plea of recoupment, detailing the specific defect in the machine and its general inability to do the work for which it was bought. Plaintiff had at hand nothing in particular in the way of rebuttal; in fact the issue made by the plea was left to be tried on the testimony of defendant's witnesses, with such coloring as the jury may have found in some vague indications of unreasonableness or even shiftiness in defendant's correspondence with plaintiff, and if the witnesses, defendant included, appeared to be fair and honest—and the trial judge saw them—we are unable, under our rule, to say that the jury should have found differently. Appellant, or its counsel, seem to feel keenly that a wrong has been done, and they may know more of the case than we do, but, after allowing all reasonable presumptions in favor of the trial court's ruling, we are unable, in the circumstances shown by the record, to say that the preponderance of the evidence against the verdict was so decided as that it should or does convince us that it was wrong and unjust. Cobb v. Malone, 92 Ala. 630, 9 South. 738.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.

---

⊚⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes