**LOUISVILLE & N. R. CO. et al. v. LEE.**

(6 Div. 539.)

Supreme Court of Alabama.    March 31, 1927.

Rehearing Denied May 19, 1927.

**1. Railroads ⬅➡350(7)—Whether engineer was negligent for failure to give proper crossing signal held for jury.**

In action for death resulting from crossing collision between train and automobile in which intestate was riding, evidence under scintilla rule *held* to raise question for jury whether engineer was negligent for failure to give proper signals in approaching the crossing.

**2. Appeal and error ⬅➡719(5)—Question as to burden of showing compliance with statutes as to proper signals held immaterial, in view of evidence and error assigned (Code 1923, §§ 9952, 9955).**

In action for death from collision at crossing between train and automobile in which intestate was riding, where only errors assigned related to failure of trial court to give general charge for defendant, and regardless of burden of proof there was sufficient evidence to create inference that required crossing signals were not given, and no assignment of error relating to rulings in misplacing burden of proof, question whether Code 1923, § 9955, placed on defendant and its engineer, sued jointly, burden of showing compliance with section 9952 as to giving of proper signals, was immaterial.

Appeal from Circuit Court, Cullman County; O. Kyle, Judge.

Action by I. L. Lee, as administrator of the estate of Leona Scott, deceased, against the Louisville & Nashville Railroad Company and J. H. Snyder for wrongful death of plaintiff's intestate, resulting from a collision between a train of the defendant railroad company and the automobile in which intestate was riding. From a judgment for plaintiff, defendants appeal. Affirmed.

Eyster & Eyster, of Albany, for appellants.

When the engineer is sued jointly with the railroad company, section 9955 of the Code does not place the burden of proof on the engineer to acquit himself of all negligence. Walker v. St. L.-S. F., 214 Ala. 492, 108 So. 388. There is no conflict raised by testimony of witness distant from the scene of the accident, inattentive to the train, and surrounding noises being present, to the effect that they did not hear signals. Fayet v. St. L. & S. F., 203 Ala. 5, 81 So. 671; L. & N. v. Cloud, 207 Ala. 373, 92 So. 550; L. & N. v. Moran, 190 Ala. 122, 66 So. 799. The burden of proof as to subsequent negligence was upon plaintiff. Johnson v. B. R. L. & P. Co., 149 Ala. 538, 43 So. 33.

Paine Denson, of Cullman, for appellee.

Where there is a material conflict in the evidence, the affirmative charge is properly refused. Brown v. Mobile Elec. Co., 207 Ala. 61, 91 So. 802; Chevrolet Motor Co. v. Comm. Credit Co., 214 Ala. 433, 108 So. 248. There was such conflict in the evidence in this case. Carlisle v. A. G. S., 166 Ala. 591, 52 So. 341.

ANDERSON, C. J. This case went to the jury on count 1 alone, and which charges simple negligence, and the only insistence as to reversible error was the failure of the trial court to give the general charge in fa-

vor of the defendants, and upon the theory that no case was made sufficient to go to the jury. There was no contributory negligence involved, and whether there was or was not any subsequent negligence, and which could have been shown under count 1 of the complaint, this question was decided in favor of the defendants by the giving, by the trial court, of the general charge as to count 2 in favor of the defendants.

[1] We think it was a question for the jury as to whether or not the engineer was guilty of negligence for a failure to give the proper signals in approaching the crossing. True, this was a case of negative as against positive proof as to the signals, but it was a question for the jury as to whether or not the witnesses who did not hear the signals would have heard them if given, and under our scintilla rule the defendants were not entitled to the general charge. True, if the circumstances surrounding witnesses at the time they did not hear the signals were such that they could not have heard if given, there would be no conflict between their evidence and those who testified positively to the giving of the signals, but we cannot say that the plaintiff's witnesses in this case were so situated. It is also true that one witness testified that he was slightly deaf in one ear, but he had heard signals on previous occasions when similarly situated, and one witness was riding on the train which was possibly making some noise, but he also stated that he had heard the signals at other points when the train was running, and this case is different from the case of Fayet v. St. Louis & S. F. R. R., 203 Ala. 3, 81 So. 671, and other cases cited by appellants' counsel. Moreover, other witnesses testified as to not hearing such signals as the statute requires, and whose hearing was not impaired or interfered with by other noise.

[2] It is suggested in brief of appellants' counsel that, as this suit was brought against the railroad and its engineer jointly, the statute (section 9955) did not place on these defendants the burden of showing a compliance with section 9952 of the Code of 1923 as to giving proper signals. Whether there be any merit in this contention matters not, as the only errors assigned and insisted upon relate to the general charge, and, regardless of the burden of proof, there was sufficient evidence introduced to create a reasonable inference for the jury that the required signals were not given, and no point is made by the assignment of errors relating to rulings of the trial court in misplacing the burden of proof. We do not mean to hold or intimate, however, that the statute does not apply simply because the suit is against the railroad and its engineer jointly instead of the railroad alone.

The judgment of the circuit court is affirmed.

Affirmed.

SAYRE, GARDNER, and BOULDIN, JJ., concur.