168 So. 449

DAVIS v. LOUISVILLE & N. R. CO. et al.

6 Div. 900.

Supreme Court of Alabama.

May 21, 1936.

F. F. Windham and Ewing & Perrine, all of Birmingham, and Lipscomb & Lipscomb, of Bessemer, for appellant.

Chas. H. Eyster, of Decatur, and Huey, Welch & Stone, of Bessemer, for appellees.

ANDERSON, Chief Justice.

This case was tried upon one count and there was judgment for the plaintiff. The trial court granted the defendants' motion for a new trial and this appeal is from the judgment granting said motion.

In the case of Cobb v. Malone, 92 Ala. 630, 9 So. 738, the rule there laid down, and repeatedly followed, is that the decision by the trial court granting a new trial will not be reversed unless the evidence "plainly and palpably" supports the verdict.

We may concede that the burden was on the defendants under section 9955 of the Code of 1923 to acquit themselves of simple negligence notwithstanding the enginemen were sued jointly with the railroad, but, as to this, and regardless of the burden of proof, the defendants' evidence was direct and positive that the statutory signals had been given and which was disputed only indirectly by negative evidence. Not only this, but the plaintiff introduced the answers to interrogatories propounded under the statute to the defendant railroad and which acquitted its servants of negligence at the place in question. We therefore think and so hold that while there may have been a conflict as to this question, the evidence, or the weight of same, did not plainly and palpably support the verdict so as to put the trial court in error for granting the new trial, there being a ground in the motion that the verdict was contrary to the evidence.

Moreover, there was a conflict in the evidence as to where the deceased was when struck by the train. The complaint charged that it was at the 32d street crossing, while there was evidence, if not the weight of same, that he was seventy-five to one hundred feet above the crossing and was therefore a trespasser, and, if he was a trespasser, the plaintiff had no right to recover as for initial, simple negligence on the part of the servants of the railroad company. Louisville & N.R.R. Co. v. Holland, 164 Ala. 73, 51 So. 365, 137 Am.St. Rep. 25. At any rate, the evidence did not plainly and palpably show that the deceased was struck by the train at the crossing as charged in the complaint.

As the foregoing observations are amply sufficient to justify the action of the trial court in granting the new trial, we may well pretermit a consideration of other questions suggested and argued by counsel for appellee in justification of the action of the trial court in granting said new trial.

The judgment of the circuit court is affirmed.

Affirmed.

THOMAS, BROWN, and KNIGHT, JJ., concur.