·48 So.2d 472

### MILLER v. LOUISVILLE & N. R. CO.
### 7 Div. 59.

Supreme Court of Alabama.
Oct. 26, 1950.

Hawkins & Copeland, of Gadsden, for appellant.

Dortch, Allen & Meighan and Hood, Inzer, Martin & Suttle, all of Gadsden, for appellee.

### PER CURIAM.

The majority of the Justices are of opinion that in the circumstances stated the circuit court did not err in giving the affirmative charge for the defendant and that the judgment should be and is affirmed.

FOSTER, LIVINGSTON, LAWSON and STAKELY, JJ., concur.

BROWN and SIMPSON, JJ., dissent.

BROWN, Justice (dissenting).

This is a common law action of trespass on the case by the appellant seeking to recover damages for property loss and personal injury alleged to have been proximately caused by the negligence of defendant's agents and servants—Trainmen— while acting within the scope of their employment, in allowing defendant's locomotive to run into plaintiff's automobile as she was crossing over the defendant's tracks at a public street crossing.

At the conclusion of the evidence the defendant requested in writing and the court gave in its favor the general affirmative charge, the trial thus resulting in a verdict and judgment for the defendant, from which the plaintiff appeals. In this class of actions, it is well settled that the court in passing upon the propriety of giving or refusing the affirmative charge for the defendant will view the evidence in its light most favorably to the plaintiff and if there is a scintilla of evidence going to support plaintiff's right to recover, such charge will be refused. Alabama Power Co. v. Buck, 250 Ala. 618, 35 So.2d 355; Cleveland Laundry Machinery Mfg. Co. v. Southern Steam Carpet Cleaning Co., 204 Ala. 297, 85 So. 535; Scrimscher v. House, 207 Ala. 334, 92 So. 448; Liverpool &

London & Globe Ins. Co. Ltd., v. McCree, 213 Ala. 534, 105 So. 901.

The case was tried on the third count of the complaint which charges negligence in general terms and is sufficient to support a recovery for initial simple negligence and subsequent simple negligence. Central of Georgia Railway Co. v. Forshee, 125 Ala. 199, 27 So. 1006; Alabama Produce Co. et al. v. Smith, 224 Ala. 688, 141 So. 674.

The evidence is without dispute that the plaintiff failed to stop, look and listen before going upon the track immediately in front of the defendant's passenger train and was, therefore, not entitled to recover for simple initial negligence, if any such negligence was shown by the evidence. Bason v. Alabama Great Southern R. Co., 179 Ala. 299, 60 So. 922.

The evidence shows that the defendant's train was proceeding eastwardly approaching the place of the collision around a curve to the left and was coasting at a slow rate of speed under service brakes; that the bell on the locomotive was ringing automatically and that the engineer had given the regular crossing signals by blowing the whistle. The train was moving from six to eight miles an hour and the first notice the engineer had that the appellant's automobile was approaching the crossing was a warning from his fireman, when the head of the train was fifteen feet from the crossing and the automobile was within four or five feet thereof. Upon receiving this warning the engineer applied the brakes in emergency and a second or two later struck the appellant's automobile, dragging and pushing it about 65 feet along the railroad track. The evidence further shows that the engineer had no intention of stopping at the public road crossing, where this collision occurred, but was slowing up to stop at the crossing of the A. G. S. R. R. Company track. There was evidence further going to show that the first and only danger signal given was the single blast of the whistle just as the locomotive came in contact with the automobile, which was making the crossing.

The evidence shows that the plaintiff driving her automobile had come from Attalla on the highway leading toward Boaz, which is the same as 4th Street, and was travelling south up until she came to an unnamed cross street leading east, at the turn from 4th Street about 100 feet, and thence turning north into 3rd Street, thence turning west leading to the depot of the A. G. S. R. R. Co., plaintiff's present destination. The turns to the west and north put plaintiff's back toward the approaching train. The evidence further shows that plaintiff was driving, the motor of the automobile was in action, the doors of the automobile were closed, that it was drizzling rain and that she had no knowledge the train was approaching. The evidence shows that the automobile was moving slowly toward the crossing without any hesitation or slackening of its speed. The automobile was moving west toward the depot located just across the defendant's tracks. The evidence further shows that the plaintiff's attention was occupied by another woman on the front seat of the automobile.

The fireman, who was on his seat on the lefthand side of the locomotive, looking ahead, testified that the trian was approaching the crossing around a curve to the left; that he saw the plaintiff's automobile approaching the crossing when the train was about 150 feet away from the crossing, where the collision occurred. That the automobile was at that time 50 to 75 feet from said crossing travelling very slowly toward the crossing. That he continued to watch the appellant's automobile until both said automobile and the locomotive were about 4 or 5 feet from the crossing, at which time he hollered to the engineer, who then put the brakes into emergency.

In these circumstances we are of opinion that the question of whether or not the fireman discovered plaintiff's peril in time to give the engineer warning so that he could have checked the speed of the train and sounded the danger warning to plaintiff, was a jury question. Bason v. Alabama Great Southern R. Co., 179 Ala. 299 (303), 60 So. 922, 923. In the last cited case the court observed: "In the case of Louisville & N. R. R. Co. v. Calvert, 172 Ala. 597, 55 So. 812, we held that subse-

quent negligence was a question for the jury, as the evidence showed that the intestate was going right up to and upon the track in a top buggy, and his conduct was such as to indicate to the engineer that he was in peril. * * *"

In Atlantic Coast Line R. Co. et al. v. Flowers, 241 Ala. 446, 451, 3 So.2d 21, 24, it was said, the court speaking through Mr. Justice Foster:

"The mere approach of intestate toward a railroad at a crossing at a speed of 5 or 6 miles an hour with no indication of the fact that the driver was not aware of the approaching train, it was held does not indicate that he is in position of peril. Bason v. Alabama G. & S. R. R. Co., 179 Ala. 299 (2), 60 So. 922. But if the traveler gives any indication of inattention or of unconsciousness of his surroundings, it has been said that the trainmen should take immediate action; but not if there is nothing to indicate that he is not possessed of his senses or conscious of his position. Illinois C. R. Co. v. Martin, 213 Ala. 617 (4, 5), 105 So. 805; Mobile L. & R. Co. v. Gadik, 211 Ala. 582, 100 So. 837. This is illustrated when one is walking toward a track with his back toward the engine, apparently oblivious of the approach of the engine. Southern Ry. Co. v. Montgomery, 229 Ala. 456 (8), 157 So. 854.

"And that unless the contrary is manifest, the trainmen could assume that the automobile driver would do his duty and stop and not attempt to cross in dangerous proximity to the approach of the train. De Bardeleben v. Western Ry. of Alabama, 227 Ala. 553, 151 So. 56; Southern Ry. Co. v. Miller, 226 Ala. 366, 147 So. 149; Sloss-Sheffield S. & I. Co. v. Peinhardt, 240 Ala. 207, 199 So. 33. *But that if the speed of the approaching car and its distance to travel are such as to manifest a probability that it will not stop or it is in apparent existing danger in that respect, the duty of trainmen then begins if by some warning or slackening of speed the collision may be averted.* Johnson v. Louisville & Nashville R. R. Co., supra; Id., 240 Ala. 219, 198 So. 350." [Italics supplied.]

In Birmingham Railway, Light & Power Co. v. Williams, 158 Ala. 381 (388-389), 48 So. 93, 96, it was observed: "* * * We have seen that there is, in this case, a tendency in the evidence to prove that the motorman discovered the plaintiff when the latter was at least 60 feet ahead of the car; and the question of the position of the plaintiff at that time—whether obviously perilous, or otherwise—was at least one for the determination of the jury. We have also seen that there is a tendency in the evidence to the effect that the motorman ran the car fast and without any warning of its approach until it was within 6 or 7 feet of plaintiff, and that plaintiff was unaware of its approach. The testimony shows that the plaintiff was a cripple, and that this might have been observed by the motorman, who was looking towards him—saw him. While it is true that a motorman may, upon seeing a person on the track, assume that the will turn aside from the dangerous position and out of the way of the car, yet the law does not accord to him the right to indulge the assumption beyond the time when the person's danger is seen to be imminent. The evidence of the motorman was that the plaintiff was walking at a safe distance from the track all the while until the approaching car reached a point within 6 or 7 feet of him, when he staggered towards the car. On the other hand, the plaintiff testified that he did not stagger towards the car; and the effect of his evidence is that he maintained the same distance from the car all the while until he was struck. So it was open to the jury to infer that plaintiff was dangerously near to the car track all along, and that the motorman realized his dangerous position within time to stop the car and avoid the injury, notwithstanding plaintiff may have been at fault in remaining on the track too long. * * *" See also Southern Railway Co. v. Forrister, 158 Ala. 477, 48 So. 69.

The evidence goes to show that the fireman indulged the presumption that the plaintiff would stop or turn aside up to the time plaintiff's peril became imminent and when it was too late to warn the engineer so he could have slackened the speed of his train, so as to allow the automobile to pass over the crossing or stopped it, and pre-

vented the collision. A warning blast of the whistle at the moment plaintiff's automobile entered Commerce Street going toward the crossing would, no doubt, have warned the plaintiff of the train's approach and of her danger and enabled her to stop before going upon the crossing. Louisville & N. R. R. Co. v. Calvert, 172 Ala. 597, 55 So. 812. The evidence clearly shows that if the fireman had given the engineer warning up to the point where the locomotive was within 75 feet of the crossing, the train would have been stopped and plaintiff's injury and damage averted.

I am of the opinion that the circuit court erred in giving at the defendant's request the general affirmative charge in writing and, therefore, respectfully dissent.

SIMPSON, J., concurs.